888 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stella WILLIAMS, Petitioner,
v.
WILLIAMS COAL COMPANY, Old Republic Insurance Company,
Director, Office of Workers' Compensation
Programs, United States Department of
Labor. Respondents.
 No. 89-3084.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Stella Williams, widow of deceased coal miner Inard Williams, appeals an affirmance by the Benefits Review Board, United States Department of Labor ("BRB"), of an Administrative Law Judge's ("ALJ") determination denying her benefits under the Black Lung Benefits Act. Petitioner contends that the ALJ erred in determining that rebuttal under 20 C.F.R. Sec. 727.203(B)(3) was accomplished and that the ALJ also erred in not addressing the issue of entitlement pursuant to 20 C.F.R. Sec. 410.490. Finding the ALJ's determination that rebuttal was accomplished under 20 C.F.R. Sec. 727.203(b)(3) to be supported by substantial evidence and that the ALJ properly denied consideration of Petitioner's entitlement under 20 C.F.R. Sec. 410.490, we affirm the denial of benefits to Petitioner Mrs. Williams.
 
 I.
 
 2
 Petitioner's husband filed claims for benefits under the Black Lung Benefits Act on March 13, 1974 and on June 11, 1974. After Mr. Williams' claim was denied by the Department of Labor in 1976, Mr. Williams requested a formal hearing, but neither Mr. Williams nor his wife pursued the claim. On September 17, 1979, Mr. Williams died of head and neck cancer, and Petitioner then applied for survivor's benefits on November 15, 1979, and again on February 14, 1980. The Department of Labor, however, denied Petitioner's claim on March 31, 1980, because the evidence failed to establish that Mr. Williams had pneumoconiosis, that the pneumoconiosis arose out of his coal mine employment or that he was totally disabled or died due to pneumoconiosis.
 
 
 3
 Both Petitioner and Respondent, Williams Coal Company, requested a hearing on the claim, and on March 23, 1987, an ALJ presided over a formal hearing. After reviewing all of the evidence, the ALJ determined that Mr. Williams had worked as a miner for twenty-one years and that Petitioner's application for benefits was filed prior to the effective date of the Part 718 regulations, March 31, 1980. Accordingly, the ALJ reviewed Petitioner's claim under 20 C.F.R. Part 727 (1988), the "interim presumption."
 
 
 4
 In the face of conflicting medical evidence, the ALJ found that the evidence established pneumoconiosis, but that the evidence also demonstrated that pneumoconiosis played no part whatsoever in Mr. Williams' disability or death. In arriving at this conclusion, the ALJ specifically credited the medical opinions of Drs. Lane and Tuteur who opined that Mr. Williams' pulmonary or respiratory problem was caused by extensive cigarette smoking and not by coal dust exposure. Furthermore, the ALJ reviewed all of the medical evidence in light of the BRB's guidelines set forth in Blevins v. Peabody Coal Co., 1 Black Lung Reporter (MB) 1-1023 (Ben.Rev.Bd.1979) ("Blevins II") and Blevins v. Peabody Coal Co., 6 Black Lung Reporter (MB) 1-750 (Ben.Rev.Bd.1983) ("Blevins III"). The "Blevins' guidelines," which were developed for application in claims requiring inquiry into the relative significance of cigarette smoking and coal dust exposure in the evaluation of a miner's pulmonary disease, were applied by the ALJ who found that Drs. Lane and Tuteur's reports met the guidelines. Moreover, the ALJ noted that not one examining physician specifically attributed Mr. Williams' pulmonary impairment to his coal mine employment. Accordingly, on July 6, 1987, the ALJ denied Petitioner's claim.
 
 
 5
 Petitioner then appealed to the BRB where she contended that one of the two medical opinions specifically relied upon by the ALJ, that of Dr. Lane, did not comply with the requirement articulated by the BRB in Blevins II and Blevins III. Petitioner also maintained that the ALJ's decision was against the weight of the evidence. On November 28, 1988, in an unpublished decision, the BRB affirmed the ALJ's denial of benefits, holding that the ALJ's opinion conformed to applicable law, including the "Blevins' guidelines," and that the decision denying benefits was supported by substantial evidence. The BRB further considered the application of 20 C.F.R. Sec. 410.490, the Social Security Administration's (SSA) interim presumption, and found it unavailing. This timely appeal ensued.
 
 II.
 
 6
 On appeal, Petitioner contends that the ALJ erred in finding that pneumoconiosis did not contribute to Mr. Williams' total disability and secondly, that the ALJ erred in determining that the evidence establishing rebuttal under 20 C.F.R. Sec. 727.203(b)(3) was supported by substantial evidence.
 
 
 7
 Because of Mr. Williams' twenty-one years of coal mine employment, the presumption of total disability was properly invoked pursuant to Sec. 727.203(a)(1). Based upon the medical opinions of two consulting physicians, Drs. Lane and Tuteur, however, the ALJ concluded that the presumption was rebutted pursuant to Sec. 727.203(b)(3) which provides:
 
 
 8
 The presumption ... shall be rebutted if ... [t]he evidence established that the total disability ... did not arise in whole or in part out of coal mine employment....
 
 
 9
 20 C.F.R. Sec. 727.203(b)(3). The court must affirm the decision made by the ALJ as long as it is supported by substantial evidence on the record viewed as a whole. See Tennessee Consolidated Coal Co. v. Crisp, 866 F.2d 179, 184 (6th Cir.1989).
 
 
 10
 Reviewing the record, we find that sufficient medical evidence supports the ALJ's decision denying benefits regardless if the strict four prong test of "Blevins II"[1] or the more lenient standard adopted by the BRB in "Blevins III"[2] is applied in the case at bar.
 
 
 11
 One physician, a Dr. O'Neill, submitted a report that did not fulfill the Blevins' test and was accordingly not considered. Dr. Lane, however, in his deposition testimony, clearly satisfied the Blevins' test in concluding that the miner's disability was due solely to cigarette smoking. (J.A. 83-86). Several physicians concluded that Mr. Williams died from cancer of the head and neck and that the cancer was related to heavy smoking and wholly unrelated to coal mine employment. In well reasoned medical opinions, at least two well qualified physicians explained how they were able to distinguish between a coal-dust induced impairment and a cigarette-smoke induced impairment, and that after conducting various studies, a coal-dust induced impairment could be ruled out. The physicians then concluded that Mr. Williams had died of cancer, "unrelated to, nor caused by, nor aggravated by the inhalation of coal mine dust or the presence of pneumoconiosis."
 
 
 12
 Consequently, we are persuaded that ample medical evidence was presented bolstering the ALJ's conclusion that substantial evidence supported the denial of benefits to Petitioner because rebuttal under Sec. 727.203(b)(3) was accomplished.
 
 III.
 
 13
 Lastly, Petitioner contends on appeal that the ALJ erred in not applying 20 C.F.R. Sec. 410.490 to her claim. Although Petitioner's claim regarding entitlement under Sec. 410.490 was arguably waived by her failure to raise it below, even if we consider Petitioner's claim to be ripe, we find no merit in her contention.
 
 
 14
 As stated in Youghiogheny and Ohio Coal. Co. v. Milliken, 866 F.2d 195, 201 (6th Cir.1989), this circuit's decision in Kyle v. Director, 819 F.2d 139 (6th Cir.1987) "requires us to adjudicate claims under Part 410 regulations that would otherwise be processed under Part 727 regulations when a claimant cannot satisfy the ten-year coal mine employment requirement of section 727.203(a) necessary to invoke the interim presumption of total disability or death due to pneumoconiosis." Milliken at 201.
 
 
 15
 Since Petitioner received the benefit of the interim presumption as a result of Mr. Williams' being credited with twenty-one years of coal mine employment, we find no merit in Petitioner's insistence that we resort to the Part 410 regulations. Moreover, Petitioner's claim that application of section 410.490 on invocation precludes consideration of rebuttal under section 727.203(b) is an approach that has been explicitly rejected by this court. See Milliken, 866 F.2d at 201-02. Thus, we find Petitioner's claim of entitlement under section 410.490 to be unwarranted.
 
 
 16
 Finding that substantial evidence supported the ALJ's determination that rebuttal was accomplished under Sec. 727.203(b)(3) and that Petitioner's entitlement was not subject to consideration under 20 C.F.R. Sec. 410.490, the BRB's denial of benefits is AFFIRMED.
 
 
 
 [1]
 Pursuant to Blevins v. Peabody Coal Co., 1 Black Lung Reporter (MB) 1-1023 (Ben.Rev.Bd.1979) ("Blevins II"), a medical expert is required to:
 
 
 [1]
 Explain whether it is possible to distinguish between pulmonary disability caused by smoking and that caused by coal dust exposure with any degree of medical certainty
 
 
 [2]
 Explain whether there are sufficient facts to permit a distinction to be made in a particular case
 
 
 [3]
 State his opinion as to the origin of the miner's pulmonary disability
 
 
 [4]
 Explain how the evidence of record supports his conclusion
 
 
 [2]
 In Blevins v. Peabody Coal Co., 6 Black Lung Reporter (MB) 1-750 (Ben.Rev.Bd.1983) ("Blevins III"), the BRB removed the requirement that the medical opinion be within a "reasonable degree of medical certainty" and substituted a reasoned medical judgment standard